Keith Schroeder Reno County District Attorney 27th Judicial District of Kansas 206 West First Avenue, 5th Floor Hutchinson, Kansas 67501
Dear Mr. Schroeder:
As Reno County District Attorney, you ask whether 2009 Senate Bill 19 (now L. 2009, ch. 92) authorizes prosecutors in this state to carry a concealed weapon to the same extent as a Kansas law enforcement officer, provided such prosecutor is in compliance with section 4 of 2009 Senate Bill 19 (now section 4 of L. 2009, ch. 92). Rather than compare the authority of prosecutors with that of law enforcement officers, this opinion will simply address the limitations, if any, of a prosecutor's authority to carry a concealed firearm pursuant to the terms of L. 2009, ch. 92.
 Legislative History
L. 2009, ch. 92 amended a number of Kansas statutes addressing a prosecutor's ability to carry concealed weapons: criminal use of weapons;[1] criminal discharge of a firearm;[2] unauthorized possession of a firearm in county courthouses;[3] and posted places where carrying a concealed weapon is prohibited.[4]
A review of the legislative history of L. 2009, ch. 92 will aid in resolving the question posed. As indicated, L. 2009, ch. 92 began its journey as 2009 S.B. 19, which exempted most prosecutors[5]
from (1) the crime of carrying a concealed firearm (amending K.S.A. 2008 Supp. 21-4201), (2) the crime of criminal discharge of a firearm when engaged in their duties (amending K.S.A. 21-4217), and (3) the crime of possession of a firearm within a county courthouse (amending K.S.A. 21-4218). Further, these exemptions would be triggered only if a prosecutor secured a license to carry a concealed weapon and completed a special firearms training course. Assistant prosecutors would also have needed the authorization of the agency's chief prosecutor.
The bill was heard by the Senate Judiciary Committee, which received testimony solely from proponents of the bill, [6]
as no conferee spoke against it.[7] The only amendment made by the Senate committee was one to include the Attorney General and assistant Attorneys General authorized by the Attorney General in the list of prosecutor exemptions.[8] The Senate committee then recommended S.B. 19, as amended, favorably for passage.[9] When presented to the Senate as a whole, the bill passed as amended.[10]
S.B. 19 was then referred to the House Federal and State Affairs Committee. Primarily, the same proponents testified.[11] In this committee hearing, however, the district and magistrate judges opposed the bill because of concern about firearms in courtrooms.[12] Chief Judge for the 6th Judicial District, Richard M. Smith, also pointed out the lack of coordination between the proposed prosecutorial exemptions in S.B. 19 and the current concealed carry law in relation to courtrooms. Judge Smith proposed a solution:
 SB 19 needs to be amended to include the same language as exists in 75-7c10 making it abundantly clear that despite the amendment to the criminal code the presence of firearms in the courtroom is left to the sound discretion of the judge.
The House committee took the judges' concerns to heart by adding two provisions. The first provision further amended K.S.A. 21-4218 (unauthorized possession of a firearm in county courthouses) to authorize the chief judge of a judicial district to impose restrictions or prohibitions regarding possession of firearms in courtrooms.
The second amendment authorized counties to opt out of the section of the bill allowing prosecutors to carry concealed firearms in a courthouse, where adequate security measures exist to ensure that no weapons enter the courthouse and notification signs are posted. This amendment is the "county opt out" provision.
With some other minor amendments, this version of S.B. 19 passed the House of Representatives.[13] However, because the Senate did not concur with the House amendments, a conference committee resolved the differences between the two versions. Resolution was reached in the following manner:
 • òThe chief judge of each judicial district retains authority to determine restrictions or prohibitions concerning firearms in courtrooms. adding additional requirements.
 • òThe Personal and Family Protection Act (PFPA) was amended to allow prosecutors with concealed carry licenses to possess firearms within courthouses and court-related facilities if the prosecutor receives authorization from the agency's chief prosecutor and completes a special firearms training course. However, a prosecutor remains subject to restrictions or prohibitions imposed by the chief judge of the judicial district.
 The Personal and Family Protection Act
The PFPA applies to persons who have secured a license to carry a concealed firearm. One provision within the PFPA[14] prohibits licensees from carrying a concealed firearm into 22 specified premises if the premise is conspicuously posted with a prohibitory sign approved by the Attorney General.[15] Courthouses and courtrooms[16] are listed. However, it is not a violation of the PFPA for a prosecutor to possess a firearm within county courthouses or court-related facilities if the following requirements are met:(1) authorization from the chief agency prosecutor; and (2) completion of a specified firearms training course. The prosecutor is also subject to any restrictions or prohibitions issued by the chief judge of the judicial district. Under the PFPA this exemption from the concealed carry prohibition is limited to "any county courthouse or court-related facility," and does not extend to the other types of premises for which concealed weapons are prohibited.
Another provision allows private businesses, cities, and counties to prohibit licensees from carrying concealed firearms into posted buildings.[17] This provision was amended in similar fashion to exempt prosecutors but only with respect to court houses and court related facilities and then only if the two above-referenced conditions are met, subject to any restrictions or prohibitions imposed by the chief judge of the judicial district.
 Criminal Firearms Statutes
The criminal statute, unlawful use of weapons, [18] was also amended by L. 2009, ch. 92, as were the crimes of criminal discharge of a firearm, [19] and possession of a firearm in courthouses.[20]
The criminal use of weapons statute and the criminal discharge of a firearm statute now exempt prosecutors from the general prohibition against carrying a concealed firearm and discharging a firearm. However, this exemption is applicable only if a prosecutor obtains authorization from the chief agency prosecutor, completes a specific firearms training course and obtains a concealed carry license.[21] Additionally, the firearms discharge exemption applies only while actually engaged in the duties of employment or any activities incidental to such duties.[22]
Possession of a firearm in courthouses was amended in an identical manner.[23] However, this statute was further amended to allow a county to "opt out" of the provision allowing prosecutors to carry firearms in courthouses or court-related facilities if certain security measures exist.[24] Additionally, even if a county hasnot opted out, a prosecutor remains subject to prohibitions or restrictions established by the chief judge of the judicial district.
Sincerely,
Steve Six Attorney General
Camille Nohe Assistant Attorney General
SS:MF:CN:jm
[1] K.S.A. 2008 Supp. 21-4201.
[2] K.S.A. 21-4217.
[3] K.S.A. 21-4218.
[4] K.S.A. 2008 Supp. 75-7c10; 75-7c11.
[5] i.e. United States Attorney for the district of Kansas, any district attorney or county attorney, any assistant United States Attorney if authorized by the United States Attorney for the district of Kansas, any assistant district attorney or assistant county attorney if authorized by the district attorney or county attorney by whom such assistant is employed; but not
including the Attorney General for Kansas or assistant Attorneys General.
[6] Senator Derek Schmidt; Ed Brancart, on behalf of Jerome Gorman, District Attorney 29th Judicial District; Richard Delonis, President, National Association of U.S. Attorneys; and Thomas Stanton, Deputy Reno County District Attorney.
[7] Minutes, Senate Judiciary Committee, January 15, 2009.
[8] Minutes, Senate Judiciary Committee, January 16, 2009.
[9] Minutes, Senate Judiciary Committee, January 16, 2009.
[10] Sen. J. 2009, p. 55.
[11] Minutes, House Federal and State Affairs Committee, February 5, 2009 and written testimony of Jerome Gorman, District Attorney 29th Judicial District (Attachment 1); Senator Derek Schmidt (Attachment 7); Richard Delonis on behalf of the National Association of Assistant United States Attorneys (Attachment 7-2); and Thomas Stanton, Deputy Reno County District Attorney on behalf of the Kansas County and District Attorneys Association (Attachment 8).
[12] Minutes, House Federal and State Affairs Committee, February 5, 2009 and written testimony of Chief Judge Richard M. Smith, 6th Judicial District on behalf of the Kansas District Judges Association and the Kansas District Magistrate Judges Association (Attachment 2); Judge Blaine A. Carter, District Magistrate Judge, 2nd
Judicial District on behalf of the Magistrate Judge's Association (Attachment 6); Chief Judge Stephen R. Tatum, 10th Judicial District (Attachment 4); and Chief Judge James R. Fleetwood, 18th Judicial District (Attachment 5).
[13] House J. 2009, p. 353.
[14] K.S.A. 2008 Supp. 75-7c01 et seq.
[15] K.S.A. 2008 Supp. 75-7c10(a), as amended by L. 2009, ch. 92, § 5.
[16] K.S.A. 2008 Supp. 75-7c10(a)(4), as amended by L. 2009, ch. 92, § 5.
[17] K.S.A. 2008 Supp. 75-7c11(a), as amended by L. 2009, ch. 92, § 6.
[18] K.S.A. 2008 Supp. 21-4201.
[19] L. 2009, ch. 92, § 2.
[20] L. 2009, ch. 92, § 3.
[21] K.S.A. 2008 Supp. 21-4201, as amended by L. 2009, ch. 92, § 1; K.S.A. 21-4218, as amended by L. 2009, ch. 92, § 3.
[22] K.S.A. 21-4217, as amended by L. 2009, ch. 92, § 2(b)(8).
[23] This statute retained its provision that allows a county commission by resolution to authorize the possession of firearms by persons other than law enforcement officers.
[24] L. 2009, ch. 92, sec. 3(d).